UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
ROSE STADEL,                      )
                                  )
        Plaintiff,                )
                                  )
    v.                            )     Case No. 05-1313
                                  )
PRINCIPAL FINANCIAL GROUP,        )
HERITAGE ENTERPRISES, INC.,       )
and HERITAGE ENTERPRISES, INC.)
GROUP BENEFIT PLAN,               )
                                  )
        Defendants.               )
```

## O R D E R

Before the Court are Defendant Principal Life Insurance Company's ("Principal's") Motion to Dismiss Counts VII of Plaintiff's Complaint [Doc. # 9] and Heritage Enterprises, Inc., and Heritage Enterprises Inc. Group Benefit Plan's (collectively "Heritage's") Motion to Dismiss Counts VIII and IX of Plaintiff's Complaint [Doc. # 12]. For the reasons that follow, both motions will be denied.

### BACKGROUND

Plaintiff's husband was killed while piloting Heritage's company airplane on July 21, 2002. The purpose of the flight was to pick up a Heritage shareholder. Thereafter, Plaintiff filed a claim with Principal, the insurer for Heritage's group life insurance plan. Principal denied the claim. Plaintiff filed the instant nine-count Complaint on October 20, 2005, claiming (1) wrongful denial of benefits under the Employee Retirement Income Security Act (ERISA)(Counts I-III), (2) "ERISA Estoppel" (Counts IV-VI), and (3) breach of fiduciary duty (Counts VII-IX).

Defendants have moved to dismiss Counts VII, VIII, and IX, arguing Plaintiff has failed to state a claim upon which relief could be granted.

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiffs and the Complaint's well-pleaded factual allegations must be accepted as true. <u>Williams v. Ramos</u>, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. <u>Travel All Over the World, Inc. v. Kingdom of Saudi Arabia</u>, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 730 (7th Cir. 1994).

## ANALYSIS

In Counts VII through IX of the Complaint, Plaintiff alleges (1) that Defendants gave Plaintiff's husband--who was a "Class 1" Heritage employee--a copy of the "summary plan description" for "Class 2" Heritage employees, (2) that no "summary plan description" was ever prepared for "Class 1" employees, and (3) that Plaintiff's husband reasonably relied on the "Class 2" summary plan description to his detriment. As a remedy for this alleged breach of a fiduciary duty, Plaintiff seeks damages and "other and further relief as this Court deems equitable and proper."

Counts VII through IX of the Complaint are brought pursuant to 28 U.S.C. § 1132(a)(3). In <u>Varity v. Howe</u>, 516 U.S. 489, the

Supreme Court found that this ERISA provision permitted plan beneficiaries to bring a civil action for "appropriate equitable relief" for breach of fiduciary duty based on an employer's misrepresentations concerning an ERISA plan. Id. at 507-516. In interpreting section 1132(a)(3), the Court also noted that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515. Thus, if a Plaintiff is entitled to relief under another section of the ERISA statutes, relief under section 1132(a)(3) would not be appropriate. Id.

Defendants argue that Plaintiff's claims based on section 1132(a)(3) should be dismissed (1) because the relief she seeks is not equitable relief, and (2) because she has brought claims under other sections of the ERISA statutes. In response, Plaintiff argues that "[a]mong other relief sought, [she] is seeking equitable relief . . . which could include a mandatory injunction ordering [Defendants] to comply with the PLAN as provided to Plan participants." Plaintiff also argues that her section 1132(a)(3) claims should not be dismissed at this stage of the litigation as such a dismissal would require her to "elect a legal theory" in violation of Fed R. Civ. P. 8(e)(2).

The Court will deny Defendants' motions. Although Plaintiff does seek damages in connection with her section 1132(a)(3), she has also requested "other and further relief as this Court deems equitable and proper." This second request encompasses equitable relief that would be allowable under section 1132(a)(3). Thus, the

3

Court will not dismiss these claims based on the nature of relief Plaintiff seeks.  However, the Court directs Plaintiff to amend Counts VII-IX to clarify that the relief she seeks is equitable in nature.

Also, the Court will not require Plaintiff to elect a theory of recovery at this stage of the litigation.  Federal Rule of Civil Procedure 8(e)(2) states:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

In summary, Plaintiff is free to plead alternate theories of recovery in her complaint.  Thus, the fact that Plaintiff cannot recover under section 1132(a)(3) if she is successful on her other claims does not preclude her from bringing a section 1132(a)(3) claim at this stage of the litigation.  See Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 89 (2nd Cir. 2001) (holding "that Varity Corp. did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate.").

## CONCLUSION

IT IS THEREFORE ORDERED that Principal's Motion to Dismiss Counts VII of Plaintiff's Complaint [Doc. # 9] and Heritage's

Motion to Dismiss Counts VII and IX of Plaintiff's Complaint [Doc. # 12] are DENIED.

IT IS FURTHER ORDERED that Plaintiff amend Counts VII-IX to clarify that the relief she seeks is equitable in nature.

Entered this __25th__ day of May, 2006.

___s/Joe B. McDade___
JOE BILLY McDADE
United States District Judge
